UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
RAYMOND HYMAN,

                Plaintiff,

      -against-

NASSAU COUNTY CORRECTIONAL FACILITY,

              Defendant.
-------------------------------------------------------------------X

FEUERSTEIN, J.

**ORDER**
12-CV-6094(SJF)(AKT)

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   JAN 1 5 2013   ★

**LONG ISLAND OFFICE**

I.    Introduction

Pending before the Court is another complaint from incarcerated *pro se* plaintiff Raymond

Hyman ("plaintiff") brought pursuant to 42 U.S.C. § 1983 ("section 1983"), accompanied by an

application to proceed *in forma pauperis*. By way of background, on October 10, 2012, plaintiff

filed a complaint assigned docket number 12-CV-5098 (the "October complaint") raising the same

claims as the present complaint. By order dated November 9, 2012, the Court granted plaintiff's

*in forma pauperis* application and permitted plaintiff to file the October complaint without

prepayment of the filing fee. However, the Court *sua sponte* dismissed the October complaint

and afforded plaintiff an opportunity to file an amended complaint. Plaintiff was warned that his

failure to file an amended complaint within thirty (30) days from the date that the order was served

upon him would lead to the dismissal of his complaint with prejudice. Having not received an

amended complaint or any other communication from plaintiff concerning the October complaint

within the time allotted, the Court dismissed the October complaint with prejudice on January 3,

2013.

On December 6, 2012, plaintiff filed the present complaint, which was assigned docket

number 12-CV-6094. Plaintiff did not label it as an amended complaint or otherwise indicate whether it was intended to satisfy the Court's order dated November 9, 2012. Indeed, plaintiff left blank the portion of the complaint form that asks whether plaintiff has initiated other lawsuits dealing with the same facts involved in the action or otherwise relating to his imprisonment.[1]

Although the dismissal of the October complaint pursuant to Federal Rule of Civil Procedure 41(b) is a bar to the present action, the Court has nonetheless reviewed the complaint in light of plaintiff's *pro se* status. The Court again finds that plaintiff has failed to allege a plausible claim. Accordingly, for the reasons that follow, the plaintiff's complaint is *sua sponte* dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(i) and (ii); 1915A(b)(1).

II.     The Complaint

Like the October complaint, plaintiff's brief, handwritten complaint, submitted on the Court's section 1983 complaint form, alleges that he was arrested on February 15, 2010 for violating an order of protection. Compl. at ¶ IV. Plaintiff claims that the "gang unit" came to talk with plaintiff because he has a tattoo that reads "The Nation of the Gods & Earths, 5%." Id. Plaintiff claims that he advised the officer from the gang unit that he is no longer affiliated with "the Nation" and has not been so associated since 2000. Id. According to the complaint, plaintiff learned that he was on "gang unit probation" because police paperwork from a prior incident noted that plaintiff was a member of the "Bloods" gang. Id.

Plaintiff further claims that on June 27, 2012, while in Bethlehem, Pennsylvania, he "was arrested at gun point for a violation of probation." Plaintiff claims that he was "processed &

---

[1]     The Court notes that plaintiff also failed to allege that he filed another lawsuit on September 10, 2012 against the Nassau County Correctional Facility, assigned docket number 12-CV-5099, in which he complains that he was "served spoiled chicken for lunch."

2

given my paperwork" and saw that there was a notation on his papers that read: "Warning! Blood affiliated. May be armed and dangerous, proceed with caution." Id. According to plaintiff, this notation is a defamation of character and he seeks to recover fifty million dollars ($50,000,000). Id. at ¶¶ IV.A., V.

III.    Discussion

A.    Application to Proceed In Forma Pauperis

Upon review of plaintiff's declaration in support of his application to proceed *in forma pauperis*, the Court finds that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. *See* 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's request for permission to proceed *in forma pauperis* is granted.

B.    The Prison Litigation Reform Act

The Prison Litigation Reform Act requires a district court to review a complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and to dismiss the complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2)(B); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). The Court is required to dismiss the action as soon as it makes such a determination. See 28 U.S.C. § 1915A.

It is axiomatic that the Court is required to read a pro se plaintiff's complaint liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007), and to construe it "'to raise the strongest arguments that [it] suggest[s],'" Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (quoting Harris v.City of N.Y., 607 F.3d 18, 24 (2d Cir. 2010) (alterations in original)). Moreover, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the

3

complaint." Kiobel v. Royal DutchPetroleum Co., 621 F.3d 111, 124 (2d Cir. 2010). A

complaint must plead sufficient facts "to state a claim to relief that is plausible on its face."

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and

conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id.

(quoting Twombly, 550 U.S. at 555).

C.    Section 1983

Section 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State . . . subjects, or causes to be subjected, any citizen of the
> United States . . . to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party injured . . . .

To state a cognizable section 1983 claim, a plaintiff must allege that the challenged conduct was

"committed by a person acting under color of state law" and that the conduct "deprived [the

plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United

States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (internal quotation marks omitted).

Section 1983 does not create any independent substantive rights but rather is a vehicle to "redress

. . . the deprivation of [federal] rights established elsewhere." Thomas v. Roach, 165 F.3d 137,

142 (2d Cir. 1999).

In addition, in order to state a claim for relief under section 1983, the plaintiff must allege

the personal involvement of a defendant in the purported constitutional deprivation. Farid v.

Ellen, 593 F.3d 233, 249 (2d Cir. 2010). Personal involvement may be established by evidence of

4

direct participation by a supervisor in the challenged conduct, or by evidence of a supervisory official's "(1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." Hayut v. State Univ. of N.Y., 352 F.3d 733, 753 (2d Cir. 2003). "An individual cannot be held liable for damages under Section 1983 'merely because he held a high position of authority'. . . ." Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 127 (2d Cir. 2004) (quoting Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996)). A complaint based upon a violation under section 1983 that does not allege the personal involvement of a defendant fails as a matter of law. See Johnson v. Barney, 360 F. App'x 199 (2d Cir. 2010) (summary order).

D.    Immunity From Suit

"[U]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." Davis v. Lynbrook Police Dep't, 224 F. Supp.2d 463, 477 (E.D.N.Y. 2002); see also, e.g., Lukes v. Nassau Cnty. Jail, No. 12-CV-1139(SJF)(AKT), 2012 WL 1965663, at *2 (E.D.N.Y. May 29, 2012) (dismissing claims against the Nassau County Jail because it is an "administrative arm of Nassau County, without a legal identity separate and apart from the County"); Melendez v. Nassau Cnty., No. 10-CV-2516 (SJF)(WDW), 2010 WL 3748743, at *5 (E.D.N.Y. Sept. 17, 2010) (dismissing claims against Nassau County Sheriff's Department because it lacks the capacity to be sued).

Accordingly, plaintiff's claim against the Nassau County Correctional Center is dismissed in its entirety with prejudice. However, given plaintiff's *pro se* status, the Court will construe his

claim to be asserted against Nassau County.

E.    Claims Against Nassau County

It is well-established that a municipality or municipal entity, such as Nassau County, cannot be held liable under section 1983 on a respondeat superior theory. Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691 (1978). To prevail on a section 1983 claim against a municipality, a plaintiff must "prove that action pursuant to official municipal policy caused the alleged constitutional injury." Cash v. Cnty. of Erie, 654 F.3d 324, 333 (2d Cir. 2011), cert. denied, 132 S. Ct. 1741, 182 L. Ed.2d 528 (2012) (internal quotation marks omitted). "A municipal policy may be pronounced or tacit and reflected in either action or inaction." Id. at 334. "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." Connick v. Thompson, 131 S. Ct. 1350, 1359 (2011). Municipal liability may also lie where "a policymaking official exhibits deliberate indifference to constitutional deprivations caused by subordinates, such that the official's inaction constitutes a deliberate choice." Cash, 654 F.3d at 334 (internal quotation marks omitted).

Even liberally construing the complaint, plaintiff's allegations are insufficient to state a cause of action pursuant to section 1983 against Nassau County. See, e.g., White v. St. Joseph's Hosp., 369 F. App'x 225, 226 (2d Cir. 2010) (affirming sua sponte dismissal of section 1983 claim for the plaintiff's failure "to allege that any of the allegedly unconstitutional actions were taken pursuant to an official policy or custom, as is required to state a § 1983 claim against a municipality."). Plaintiff fails to allege: (1) the existence of a formal policy which caused the alleged injury; (2) actions taken or decisions made by policymaking officials which caused the alleged injury; (3) a practice so persistent and widespread as to practically have the force of law

6

which caused the alleged injury; or (4) deliberate indifference on behalf of policymakers to the rights of those who come in contact with their employees.

Accordingly, plaintiff's claim, construed to be against Nassau County, is dismissed. The Court has considered whether to afford plaintiff a third opportunity to properly allege a section 1983 claim against a proper defendant. Given that amendment would not cure the substantive defects of the complaint as set forth above, leave to amend the complaint is denied, and plaintiff's complaint is dismissed with prejudice. The Clerk of the Court is respectfully directed to close this case.

IV. Conclusion

For the foregoing reasons, plaintiff's application to proceed *in forma pauperis* is granted and the complaint is *sua sponte* dismissed for failure to state a claim upon which relief may be granted. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

s/ Sandra J. Feuerstein
_____
Sandra J. Feuerstein
United States District Judge

Dated:        January 15, 2013
              Central Islip, New York

7